**STATE of Delaware,**

v.

**John and Pamela SAILER, Defendants.**

**ID Nos. 9412009559 and 9412009572.**

Superior Court of Delaware,
New Castle County.

Submitted: Aug. 31, 1995.
Decided: Sept. 13, 1995.

**1248**

Thomas A. Stevens, and James B. Ropp, Department of Justice, Wilmington, for the State of Delaware.

Carl Schnee, and Ralph K. Durstein, III, Wilmington, for defendants.

## OPINION *

CARPENTER, Judge.

On February 6, 1995, the grand jury returned a sixteen count indictment against the defendants John and Pamela Sailer. Count I, Exploitation of an Infirm Adult, alleges that the defendants:

> did intentionally exploit Agnes Rick, an infirm adult, by using her resources or rights, [valued at over $500.00], by causing Agnes Rick to execute documents which transferred ownership of her undeveloped real estate located in or near Bear, Delaware....

Count III, also charging Exploitation of an Infirm Adult, alleges that the defendants:

> did intentionally exploit Agnes Rick, an infirm adult, by using her resources or rights, [valued at over $500.00], by causing Agnes Rick to spend more than $500.00 for repairs and improvements to her house ... and thereafter causing her to execute a will in which John Sailer became the beneficiary of an option to purchase said house from her estate for $160,000.00, an amount below fair market value.

The defendants have moved to dismiss the foregoing charges alleging the statute is unconstitutionally vague. Additionally, the defendants have moved to dismiss Counts XIV and XV on the basis that they fail to allege an offense. These counts charge John Sailer with Second Degree Perjury for the June 10, 1992 execution of a Realty Transfer Tax Return and Affidavit of Gain and Value.

### A. Exploitation of an Infirm Adult Statute

The Sailers first contend that 31 *Del.C.* § 3913 is unconstitutionally vague because the statute failed to adequately notify the defendants of what conduct would violate

* Pursuant to Delaware Supreme Court Rule 93(b)(ii), the Committee on Opinions approved a portion of the entire opinion in this case for publication.

the statute.[1] The "void for vagueness" doctrine applies to statutes that prohibit criminal conduct, and to the Court's best knowledge, its application to this particular statute is a case of first impression in Delaware. The defendants assert several grounds in support of their position, and the Court will individually address each one.

■ "A statute or ordinance is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice that his contemplated behavior is forbidden by the statute, or if it encourages arbitrary and erratic enforcement." *United Video Concepts, Inc. v. City of Dover*, Del.Super., C.A. No. 93A-10-004, Ridgely, P.J., 1994 WL 682321 (Oct. 31, 1994), Mem.Op. at 6 (*citing Sanders v. State*, Del.Supr., 585 A.2d 117, 127 (1990)); *see also Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); *Connally v. General Constr. Co.*, 269 U.S. 385, 391–92, 46 S.Ct. 126, 127–28, 70 L.Ed. 322 (1926). When First Amendment issues are not implicated, "the litigant must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of its potentially vague application to others." *In re Hanks*, Del.Supr., 553 A.2d 1171, 1176 (1989) (*quoted in Johnson v. State*, Del.Supr., No. 414, 1990, Holland, J., 1991 WL 279843 (Nov. 27, 1991) (Order), at 9). Therefore, the Sailers must confine their argument to the facts and circumstances of this case. *State v. General Chemical Corp.*, Del.Super., 559 A.2d 292, 295 (1988) (asserting that defendant's vagueness argument need only be examined "in light of all of the circumstances surrounding this case").

■ In addition, the United States Supreme Court has also recognized that "the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea." *Colautti v. Franklin*, 439 U.S. 379, 395 n. 13, 99 S.Ct. 675, 685 n. 13, 58 L.Ed.2d 596 (1979). While "the requirement that the act must be willful or purposeful may not render certain, for all purposes, a statutory definition of the crime which is in some respects uncertain ... it does relieve the statute of the objection that it punishes without warning an offense of which the accused was unaware." *Id.* (*quoting Screws v. United States*, 325 U.S. 91, 101–02, 65 S.Ct. 1031, 1035–36, 89 L.Ed. 1495 (1995), (plurality opinion)). *See, e.g., Village of Hoffman Estates*, at 499, 102 S.Ct. at 1193–94 (recognizing that a scienter requirement may mitigate a law's vagueness); *Robinson v. State*, 600 A.2d 356, 365 (1991).

■ The Sailers argue that the legislature failed to adequately define the term "exploit" as used in the statute. "Exploitation" is defined as "the illegal or improper use or abuse of an infirm person, his resources or his rights, by another person, whether for profit or other advantage." 31 *Del.C.* § 3902(5) (1974) (definitional section). They assert that the use of the terms "illegal" and "improper" to describe "exploit" leaves the statute unconstitutionally vague because "[t]he terms 'illegal' and 'improper' are defined neither in the definition section of the statute nor by reference to any other criminal statute." (Def.'s Mem., April 13, 1995, at 2). The defendants rely solely on the case of *Cuda v. State*, Fla., 639 So.2d 22 (1994), to support such contention. In *Cuda*, the Supreme Court of Florida struck down a similar statute finding it unconstitutionally vague for failure to define the words "improper or illegal."[2] The Court, however, declines to adopt the reasoning of the Florida Supreme Court.

1. The Exploitation of an Infirm Adult statute, 31 *Del.C.* § 3913 (Supp.1994), provides, in pertinent part:

(a) Any person who intentionally abuses, neglects, exploits or mistreats an infirm adult shall be guilty of a class A misdemeanor.
(b) Any person who intentionally exploits an infirm adult by using the infirm adult's resources shall be guilty of a class A misdemeanor where the value of the resources is less than $500 and a class G felony where the value of the resources is $500 or more.

2. The Florida statute reads: "A person who knowingly or willfully exploits an aged person or disabled adult by the improper or illegal use or management of the funds, assets, property, power of attorney, or guardianship of such aged person or disabled adult for profit, commits a felony of the third degree...." *Flor.Stat.Ann.* § 415.111(5) (1993).

■ This Court believes that the statute at bar is constitutionally sound in light of several factors. First, the Exploitation of an Infirm Adult statute is found in Title 31, Chapter 39 of the Delaware Code, governing Adult Protective Services. The title is carefully crafted, in that it includes not only a definitional section, but also a section outlining the legislative intent underlying the statute. Section 3901 defines the legislative intent of the Delaware General Assembly as follows:

> The General Assembly recognizes that many adult citizens of this State are subject to psychological or physical injury or exploitation because of physical or mental infirmity, disease or other causes which render them incapable of providing for their basic daily living needs. The General Assembly, therefore, intends through this chapter to establish a system of services for impaired adults designed to protect their health, safety and welfare.

31 *Del.C.* § 3901.

Given the specific delineation of legislative intent in the statute, the Court does not have to go far to discern to whom and to what conduct the statute applies. Second, the statute is clearly confined to "intentional" conduct, and this factor also lends itself toward a constitutional interpretation. *See Robinson v. State,* 600 A.2d at 365. Third, when a statute is challenged for vagueness, this Court has an obligation to attempt to construe the statute in such a manner as to avoid the infirmity. *General Chemical Corp.,* 559 A.2d at 295; *accord United Video Concepts, supra,* at 8. Moreover, when possible, the statute should be construed in a manner consistent with the legislative intention. 559 A.2d at 295. Finally, "[a] court has a duty to read statutory language so as to avoid constitutional questionability and patent absurdity and to give language its reasonable and suitable meaning.... Furthermore, it is well-settled that undefined code terms must be construed according to their common and approved usage." *Moore v. Wilmington Housing Authority,* Del. Supr., 619 A.2d 1166, 1173 (1993) (en banc) (citations omitted). *See also* 11 *Del.C.* § 221(c) (mandating that undefined words

have their commonly accepted meaning in the Criminal Code).

While it is true that the terms "illegal" and "improper" are not defined within the statute, the Court is confident that the ordinary definitions associated with the terms renders the statute secure from constitutional attack. In the American Heritage Dictionary (3rd ed. 1992) "illegal" is defined as "prohibited by law"; or "prohibited by official rules." *Id.* at 899. Black's Law Dictionary (6th ed. 1990) similarly defines "illegal" as "against or not authorized by law." *Id.* at 747. "Improper" is described as meaning "not in keeping with accepted standards of what is right ... often referring to unethical conduct." American Heritage Dictionary 909 (3rd ed. 1992). In the case at bar, the language of the statute: "the illegal or improper use or abuse of an infirm person, his resources or his rights ... whether for profit or advantage," when read in conjunction with the indictment, serve to adequately inform the defendants that the alleged conduct would be violative of the statute. 31 *Del.C.* § 3902(5). To further support the validity of the statute, the terms "exploitation" and "improper" appear in the Delaware Criminal Code no less than nine, and 26 times respectively. Accordingly, the Court is hesitant to invalidate the use of these terms in this particular context, when the same terms have withstood constitutional scrutiny in so many other instances.

In view of the foregoing factors, the Court is satisfied that the defendants were adequately notified that their actions would be unlawful under the statute as written, and that the statute is not unconstitutionally vague.

■ Alternatively, the defendants move to dismiss Count III on the grounds that the statute only denotes resources valued at $500 or more, and that the option to purchase 1903 Greenhill Avenue is a right and not a resource. Therefore, according to the defendants, the count should be dismissed because it fails to charge a felony as defined in 31 *Del.C.* § 3913(b), which requires the value of the resources to be $500 or more. A cursory reading of Count III of the indictment renders this argument unpersuasive. *See* Count III, *supra* at 2. First, this count charges not

only the option to purchase, but also that improvements and repairs were spent in excess of $500. Whether the State will meet the felony threshold of $500 will be determined after a review of the evidence introduced at trial. Secondly, the $500 amount is merely the delineation point for determining felony or misdemeanor status of the offense, the essential elements of which are identical. At the moment, the indictment is appropriately drafted and sets forth a sufficient basis for the charge.

Accordingly, the defendants' Motion to Dismiss Counts I and III of the indictment must be DENIED.