**Bruce M. CARTER, Defendant Below, Appellant**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 636, 2006.**

Supreme Court of Delaware.

Submitted: Aug. 22, 2007.
Decided: Aug. 29, 2007.

---

19. The Court accepts the Respondent's calculations of fees earned after the Cease and

Desist Order was entered.

Sheryl Rush–Milstead, Office of the Public Defender, Dover, DE, for appellant.

John Williams, Department of Justice, Dover, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

STEELE, Chief Justice:

Appellant-defendant Bruce Carter [1] appeals his second degree assault Family Court delinquency adjudication. Carter struck his stepfather, Frank Kulhanek, in the hand with the plastic end of a lacrosse stick. The trial judge found Carter delinquent of second degree assault under 11 *Del. C.* § 612(a)(2) and found that the State proved beyond a reasonable doubt that Carter had (1) intentionally (2) caused physical injury to Kulhanek (3) by means of a dangerous instrument. Carter contends that the State did not present sufficient evidence for the trial judge to find him delinquent of second degree assault beyond a reasonable doubt. We agree with the trial judge that there is sufficient evidence in the record that Carter acted

---

1. Pursuant to Supreme Court Rule 7(d) this Court assigned the pseudonym for the juvenile defendant.

intentionally and caused physical injury to Kulhanek. We do not agree, however, that there is sufficient evidence in the record that Carter used a "dangerous instrument," defined by *11 Del. C.* § 222(4) as: "any instrument ... which under the circumstances in which it is used ... is readily capable of causing ... serious physical injury." Although the State offered proof of *physical injury*, it did not offer sufficient proof that under the circumstances in which Carter used the lacrosse stick, it was readily capable of causing *serious physical injury*. Nor, under these circumstances, did Carter's intentional striking of Kulhanek in the hand with the plastic part of the lacrosse stick evidence any intent to cause serious physical injury. Therefore, we hold that the evidence is insufficient evidence to find beyond a reasonable doubt that Carter committed second degree assault. Accordingly, we reverse the trial judge's determination that Carter was delinquent of second degree assault by use of a dangerous instrument under 11 *Del. C.* § 612(a)(2), and remand with instructions for the trial judge to enter an adjudication of delinquency for the lesser included offense of third degree assault under 11 *Del. C.* § 611(1).[2]

### FACTS AND PROCEDURAL HISTORY

On July 9, 2006, Kulhanek returned to his home where he found his then 16 year old stepson, Carter. Kulhanek became involved in a verbal altercation with Carter about Carter's leaving the family home the evening before without permission. Carter went to his bedroom and slammed the door. Kulhanek told Carter to stop slamming his bedroom door. According to Kulhanek, Carter got into his "face," so he pushed Carter into Carter's bedroom. In Carter's bedroom, the confrontation continued, and Kulhanek again pushed Carter after he grabbed his lacrosse stick. While Carter held his lacrosse stick, Kulhanek pushed Carter away a third time, after which Carter struck Kulhanek in the hand with the lacrosse stick. Kulhanek then called the police. When Carter attempted to leave the house, Kulhanek blocked the door and a wrestling match between Kulhanek and Carter ensued.

Both Carter and Kulhanek testified at trial. According to Kulhanek, following Carter's arrest, Kulhanek had his hand x-rayed and the results were negative. Kulhanek complained, however, that his injured hand initially swelled up to "twice its normal size" and was still bothering him at the time of trial. Carter, who testified in his own defense, admitted slamming his bedroom door on the day of the incident. Carter recalled that Kulhanek pushed him harder and harder about three times, and after the third push, Carter hit Kulhanek in the hand with a lacrosse stick. Both Carter and Kulhanek were yelling, and Carter testified that Kulhanek was "egging" him on and telling Carter to hit him. Carter also explained that the part of the lacrosse stick which made contact with Kulhanek's hand was the plastic part that holds the netting. After Carter struck Kulhanek with the lacrosse stick, Kulhanek allegedly said, "I got you now."

The State filed a Petition of Delinquency alleging that Carter committed second degree assault by intentionally striking Kulhanek's hand with a dangerous instrument. At the conclusion of the State's case-in-chief, Carter moved for a judgment of acquittal. The trial judge denied the motion, found Carter delinquent of second degree assault, and sentenced him to a

---

**2.** *See* 11 *Del. C.* § 611(1): "[a] person is guilty of assault in the third degree when ... [t]he person intentionally or recklessly causes physical injury to another person[.]"

period of probation in lieu of confinement at a secured detention facility. Carter appealed.

## DISCUSSION

Carter's sole claim is that the trial judge erroneously found that there was sufficient evidence to support the finding of assault second beyond a reasonable doubt. Where a defendant claims his conviction was based upon insufficient evidence, the standard of review is whether the evidence, viewed in the light most favorable to the State, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt.[3] In making that determination, we review the evidence *de novo*.[4]

When determining credibility and weighing evidence, the Family Court judge sitting as fact-finder is not required to accept in its entirety either party's account of the facts.[5] Here, in finding Carter delinquent of second degree assault, the trial judge discounted Carter's initial view that he acted in self defense and accepted the State's version of the events as more credible.

Under 11 *Del. C.* § 612(a)(2), "[a] person is guilty of assault in the second degree where [t]he person recklessly or intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument."[6] Here, the State, opted to charge Carter with "intentional," rather than "reckless" mens rea. A person acts "intentionally" with respect to an element of a criminal offense when "it is the person's conscious object to engage in conduct of that nature or cause that result...."[7] Moreover, "[a] person is presumed to intend the natural and probable consequences of the person's act."[8] Carter admitted at trial that he struck Kulhanek in the hand with a lacrosse stick, but claimed that he did so in self-defense because Kulhanek repeatedly pushed him and was "egging" him on.[9] Carter's testimony established that his actions were voluntary and conscious. Thus, there was sufficient evidence for the trial judge to conclude that Carter acted intentionally, despite Carter's testimony that Kulhanek provoked him and that Carter believed he was justified in striking Kulhanek on the hand to ward him off.

11 *Del C.* § 222(22) defines physical injury as the "impairment of physical con-

---

3. *Poon v. State*, 880 A.2d 236, 238 (Del.2005).

4. *Cline v. State*, 720 A.2d 891, 892 (Del.1998).

5. *Knight v. State*, 690 A.2d 929, 932 (Del. 1996) ("It is well-settled that the trier of fact 'is the sole judge of the credibility of the witnesses and responsible for resolving conflicts in the testimony.' ") (citation omitted).

6. 11 *Del. C.* § 612(a)(2).

7. 11 *Del. C.* § 231(a)(1).

8. 11 *Del. C.* § 306(c)(1).

9. Defense counsel asked Carter how far Kulhanek pushed Carter into his room, and Carter testified:

I don't—he pushed me about three times—my room is probably from ... about there to here and my lacrosse stick was right here—the end thing and he pushed me probably about three or four times and so like each—well, like, each time and then I got up and that's when—my lacrosse stick was there. That's the first thing I seen—I was like don't hit me and he was like—but he was egging me on—he was egging me on, he was like "hit me, hit me, what are you going to do hit me?" And then I got up and the third time he pushed me, I got up I hit him with the lacrosse stick and he was like "I got you now," and then he left and called the cops on me. (emphasis added).

dition or substantial pain." [10] "Evidence presented by a victim is sufficient to prove physical injury for purposes of second degree assault." Here, Kulhanek testified that his hand had been swollen and was still bothering him at the time of trial one month later. This Court has held that a victim's testimony that he suffered two broken bones and swelling in his hand is sufficient to establish evidence of physical injury, despite the absence of the any expert medical testimony or records.[11] Therefore, Kulhanek's swollen hand was sufficient evidence of mere "physical injury."

■ That leaves the question of whether the lacrosse stick, with which Carter inflicted the injury, was a "dangerous instrument." 11 *Del. C.* § 222(4) defines dangerous instrument as "any instrument, article or substance which, *under the circumstances in which it is used,* attempted to be used or threatened to be used, is readily *capable of causing death or serious physical injury....*" [12] Section 222(4) does, however, caution the fact finder to consider "the circumstances in which [the object or instrument] is used," before concluding that the State has proved beyond a reasonable doubt that it is a dangerous instrument "readily capable of causing death or serious physical injury." Thus, the General Assembly must have intended that the fact finder consider the actual circumstances and not any conceivable circumstance under which the instrument *might* have been used. The "circumstances" to be considered must include the actor's intent and manner of use. For example, a blow to an unprotected human head resulting from the force used with and by a lacrosse stick presents quite a different circumstance than a "warding off" blow to a human's unprotected hand.

We also note an apparent inconsistency between the two relevant statutes. The second degree assault statute (11 *Del. C.* § 612(a)(2)) requires evidence of *physical injury* and use of a *dangerous instrument;* however *dangerous instrument* is defined as any instrument ... [that is] readily capable of causing ... *serious physical injury* (see 11 *Del. C.* § 222(4)). There is a nuanced and not altogether consistent interplay here between the second degree assault statute [13] and the statute defining dangerous instrument,[14] in that the former requires *physical injury* and the latter requires use of an instrument *under circumstances* that make it readily capable of causing *serious physical injury.*

Here, the State offered no evidence of *serious physical injury;* [15] indeed the trial judge found that Kulhanek suffered mere *physical injury.* Carter testified that he struck Kulhanek in the hand with the plastic part of the stick that holds the netting. 11 *Del. C.* § 222(4) requires us to focus on the actual circumstances in which the alleged dangerous instrument was used to determine whether it was readily capable of causing death or serious physical injury *under those circumstances.* There is no evidence in the record to support the theo-

**10.** 11 *Del. C.* § 222(22).

**11.** *Raymond v. State,* 919 A.2d 562 (Table) (Del.2007).

**12.** 11 *Del. C. §* 222(4). (emphasis added).

**13.** 11 *Del. C.* § 612(a)(2).

**14.** 11 *Del. C.* § 222(4).

**15.** 11 *Del. C.* § 222(23) defines serious physical injury as "physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ, or which causes the unlawful termination of a pregnancy without the consent of the pregnant female."

ry that the manner in which the lacrosse stick here was used or was intended to be used rendered it readily capable of causing death or serious physical injury. The mere possibility that a lacrosse stick *could have been* wielded in a manner that might have caused death or serious physical injury is not one of the unique factual circumstances of this case—circumstances that the General Assembly requires the finder of fact to address. Under the actual circumstances here, no plausible case can be made that Carter using the plastic end of a lacrosse stick to strike Kulhanek on the hand would be capable of causing serious physical injury or death. To be sure, some different use of a lacrosse stick, in circumstances different from those included here, could render the lacrosse stick capable of causing serious physical injury or death, but not the manner in which the stick was used here. As previously discussed, Carter acted *intentionally*, but his intent was to strike Kulhanek on the hand, not on the head or some other more vulnerable part of his body, but not to strike Kulhanek's hand in a manner that either did or could have caused serious physical injury or death.

We hold that Carter's use of the lacrosse stick in these circumstances does not satisfy the statutory definition of "dangerous instrument" under 11 *Del. C.* § 222(4). Therefore, the evidence is insufficient to sustain the delinquency finding of second degree assault second under 11 *Del. C.* § 612(a)(2). Accordingly, we reverse the trial judge's determination finding Carter delinquent of second degree assault and remand with instructions for the trial judge to enter an adjudication of delinquency for the lesser included offense of assault in the third degree under 11 Del. C. § 611(1).[16]

### CONCLUSION

For the foregoing reasons, we REVERSE and REMAND with instructions to enter an adjudication of delinquency of third degree assault. Jurisdiction is not retained.

---

**16.** 11 *Del. C.* § 611 pertinently provides that: "[a] person is guilty of assault in the third degree when: (1) The person intentionally [or recklessly] causes physical injury to another person[.]"