**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| V. | ) | **ID No. 1401014417** |
| | ) | |
| FRANK DAVENPORT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 12, 2014
Decided: November 17, 2014

*Upon Defendant's Motion to Compel*
**GRANTED**

Defendant Frank Davenport is charged with murder in the first degree and associated charges in connection with allegations arising from the death of Holly Wilson on or about January 16, 2010. On January 21, 2014, the grand jury returned an indictment against Defendant. The State is not pursuing the death penalty. Trial is scheduled to begin on January 12, 2015, with jury selection scheduled to begin on January 8, 2015.

The State has disclosed information related to its expert witness, Dr. DiMaio, including information sent by the State to its expert for review but the State has refused to disclose to Defendant an internal Department of Justice memorandum which was provided to the State's expert witness. The State takes the position that its internal memorandum is attorney work product which is not subject to disclosure. Defendant has moved to compel on the grounds that the

State has waived the work product privilege by providing a copy of the memorandum to its expert witness. The State opposes Defendant's motion to compel. This is the Court's Order granting Defendant's motion and requiring that the State produce the internal memorandum immediately if the State intends to present Dr. DiMaio, the expert witness to whom the State provided the document, at trial.

Upon consideration of Defendant's motion to compel and the State's opposition thereto, the Court finds as follows:

1. As a general rule, an internal State memorandum is not discoverable. Superior Court Criminal Procedure Rule 16 (a)(2) states:

> Except as provided in paragraphs (A), (B), (D) and (E) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the attorney general or other state agents in connection with the investigation or prosecution of the case, or of statements by state witnesses or prospective state witnesses.

2. The first three noted exceptions to the discovery bars of Rule 16(a)(2) are not applicable here because the document at issue is not a statement of Defendant;[1] the document is not related to Defendant's prior record;[2] and the document is not reports of examinations and tests.[3]

3. However, the fourth noted exception is applicable. Rule 16(a)(1)(E) states:

---

[1] Super. Ct. Crim. R. 16(a)(1)(A).
[2] Super. Ct. Crim. R. 16(a)(1)(B).
[3] Super. Ct. Crim. R. 16(a)(1)(D).

Upon request of a defendant, the state shall disclose to the defendant any evidence which the state may present at trial under Rules 702, 703, or 705 of the Delaware Uniform Rules of Evidence. This disclosure shall be in the form of a written response that includes the identity of the witness and the substance of the opinions to be expressed.

In *State v. Sailer*,[4] the Superior Court considered the circumstances under which a party must disclose any facts and data provided to and relied upon by a party's expert witness.[5] The Court, while considering the language of Rule 16(a)(1)(E), stated, "the term 'substance of the opinions to be expressed' relates back to the requirement of disclosure of the material relevant to Delaware Rules of Evidence 703 and 705."[6] Similarly, in *State v. Patterson*,[7] the Superior Court opined that any facts or data provided to an expert, and relied upon by that expert in formulating an opinion, is "clearly discoverable under *Sailer*."[8] Accordingly, disclosure must be determined by consideration of these Rules of Evidence and the expert's reasonable reliance upon the supplied facts or data.[9]

4. Neither Evidence Rule 702 nor Rule 703 is applicable to the question posed. Rule 705, however, is applicable in that the rule addresses disclosure of facts or data underlying the expert's opinion. Specifically, Rule 705(a) states:

---

[4] 684 A.2d 1247 (Del. Super. 1995).
[5] *Id.* at 1251.
[6] *Id.* (requiring disclosure of all facts and data provided to an expert witness upon which the expert reasonably relied upon in reaching an expert opinion.).
[7] 1997 WL 720719 (Del. Super. Oct. 3, 1997).
[8] *Id.* at *3.
[9] *Id.* at *2-3.

"[t]he expert may in any event be required to disclose the underlying facts or data on cross-examination." Accordingly, Delaware Rule of Evidence 705 mandates disclosure because the State provided its expert witness, Dr. DiMaio, with the memorandum and Dr. DiMaio utilized the memorandum in formulating his expert opinion. Consequently, Defendant seeks disclosure of the memorandum in advance of trial.

5. Nevertheless, the State maintains that it has complied with its discovery obligations and argues that it is not required to disclose the memorandum to Defendant on the grounds that the memorandum is privileged work product.

6. The Court finds that the State waived any privilege that might have attached to the memorandum by providing a copy to the State's expert witness for its expert to utilize in forming an expert opinion.[10]

7. Moreover, the Court finds that in order for the disclosure to be meaningful and to allow Defendant adequate trial preparation, disclosure must take place within the deadlines for expert disclosures as set forth in the Scheduling Order. This is consistent with the decisional law.

8. In *State v. Aizupitis*, the Superior Court discussed the purpose of discovery rules in light of the modern trend of resolving criminal cases promptly, fairly

---

[10] The State's reliance on 11th Circuit case law is not persuasive.

4

and without "trial by ambush."[11]   The Court explained that Delaware procedural rules secure the simple and fair administration of justice during criminal proceedings, while the Delaware Rules of Evidence similarly ensure the ability to ascertain the truth through just proceedings without unjustifiable expense or delay and with promotion and development of the law.[12]

9. Therefore, because the deadline for expert disclosure by the State passed on October 21, the State's deadline is hereby extended to November 19, 2014; Defendant's deadline is similarly extended to December 19, 2014; and State's Rebuttal is hereby extended to December 29, 2014.  No other deadlines are changed.

**NOW, THEREFORE, IT IS HEREBY ORDERED on this 17th day of November, 2014, Defendant Frank Davenport's Motion to Compel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[11]*Aizupitis*, 1995 WL 1918900, at *2-3 (Del. Super. Nov. 28, 1995).
[12] *Aizupitis*, 1995 WL 1918900, at *3.