

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD78448 |
| | ) | |
| PHILLIP LAMONT RANSBURG, | ) | Opinion filed: February 16, 2016 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY, MISSOURI
THE HONORABLE JAMES K. JOURNEY, JUDGE**

Before Division Three:  James E. Welsh, Presiding Judge,
Joseph M. Ellis, Judge and Thomas H. Newton, Judge

In a case involving convictions on numerous additional counts, Phillip Ransburg appeals from his convictions on one count of second-degree assault, § 565.060,[1] and the related count for armed criminal action, § 571.015.  For the following reasons, those convictions are reversed, and the cause is remanded for further proceedings.

Appellant was involved in a romantic relationship and lived with Tammy Masoner, on and off, for about a year and a half.  In November 2013, he was living with Masoner and her daughter in a trailer owned by Masoner in Clinton, Missouri.  On November 24, 2013, Appellant brandished a kitchen knife close to Masoner's throat during an

---

[1] All statutory references are to RSMo 2000 as updated through the 2013 Cumulative Supplement.

argument, and the police were contacted. On November 25, 2013, Masoner ended her relationship with Appellant and sought and obtained a protective order against him.

Appellant was jailed shortly thereafter and remained there for several months until a friend arranged for him to be released on bond on March 3, 2014.[2] Sometime between 10:00 and 10:30 p.m. on the evening of his release, while Masoner was watching television in her trailer with her boyfriend, James Blackman, and her daughter, Sarah, Appellant appeared and attempted to force open the locked, front door to the trailer. Masoner went to the door and attempted to brace it but Appellant was eventually able to break open the door and force his way in. As he did so, Appellant was holding a four-foot stick resembling a taped-up broomstick. He held the stick across the front of his body with clenched fists about a foot and a half apart and charged toward Blackman, but Blackman was able to flee with Sarah into a bedroom before Appellant could reach him. Appellant then turned to Masoner, dropped his stick, grabbed her arm, and attempted to pull her out of the trailer. When Masoner resisted, Appellant punched her in the face, striking her in the upper, left forehead. At that point, having been coaxed by Sarah to defend her mother, Blackman came out of the bedroom to confront Appellant. When Blackman appeared, Appellant grabbed his stick and fled. Sarah called the police for help.

Officer Patrick Meeks of the Clinton Police Department arrived at the trailer a short time later. He noticed that the front door to the trailer had been damaged in a manner that indicated it had been forced open from the outside and that Masoner had a

---

[2] The record is unclear whether Appellant was placed in jail because of the November 24 incident or other charges against him.

2

"large swelling contusion area on her left forehead." Meeks took statements from the trailer's occupants. Later that evening, the police stopped and arrested Appellant.

With regard to the March 3 incident, Appellant was charged with one count of first-degree burglary, § 569.160; one count of second-degree domestic assault, § 565.073; one count of second-degree assault, § 565.060; one count of armed criminal action, § 571.015; and one misdemeanor count of violating an order of protection, § 455.010. Appellant waived his right to jury trial, and the case was tried to the court.[3] The trial court found Appellant guilty as charged. After obtaining a sentencing assessment report, the trial court sentenced Appellant as a prior offender to concurrent terms of eight years imprisonment on the burglary count, seven years on the second-degree domestic assault count, seven years on the second-degree assault count, five years on the armed criminal action count, and one year on the violation of an order of protection count. In his two points on appeal, Appellant challenges the sufficiency of the evidence to support his convictions on the second-degree assault count, which was based upon his charging toward Blackman with the stick in his hands, and the related count for armed criminal action.

"The standard of review for a challenge to the sufficiency of the evidence is the same in both court-tried and jury-tried cases." *State v. Chaney*, 460 S.W.3d 13, 16 (Mo. App. E.D. 2014). This Court's "role is limited to a determination of whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." *State v. Brooks*, 446 S.W.3d 673, 674 (Mo. banc 2014) (internal quotation omitted). In making that determination, "[t]he evidence and all

---

[3] Three other criminal cases against him were tried to the court at the same time, including the case related to the November 24, 2013, knife-wielding incident.

3

reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Id.*

In his first point on appeal, Appellant contends that the trial court erred in denying his motion for judgment of acquittal on the second-degree assault count at the close of all evidence because the evidence was insufficient to prove beyond a reasonable doubt that he had attempted to cause physical injury to Blackman by means of a dangerous instrument. He argues that the record is insufficient to support a finding that the stick he was holding as he charged Blackman was a "dangerous instrument" as defined by § 556.061(9).

Section 565.060 provides that "[a] person commits the crime of assault in the second degree if he . . . [a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument." With regard to the second-degree assault count, Appellant was charged by information with having "attempted to cause physical injury to James Blackmon [sic] by means of a dangerous instrument by advancing toward Blackmon [sic] with a large stick in defendant's hands."

"A dangerous instrument is 'any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury.'" *State v. Fasnut*, 302 S.W.3d 259, 263 (Mo. App. E.D. 2010) (quoting *§ 556.061(9)*). "Serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." *§ 556.061(28).*

"'Unlike a deadly weapon, a dangerous instrument is not designed for use as a weapon and may have a normal function under ordinary circumstances.'" *State v.*

4

*Rousselo*, 386 S.W.3d 919, 923-24 (Mo. App. S.D. 2012) (quoting *State v. Williams*, 126 S.W.3d 377, 384 (Mo. banc 2004)). "The types of objects that may constitute 'dangerous instruments' are not enumerated by statute and become 'dangerous instruments' when used in a manner where the object is readily capable of causing death or serious physical injury." *State v. Fortner*, 451 S.W.3d 746, 758 (Mo. App. E.D. 2014). "Missouri courts have found a variety of seemingly innocuous objects to be dangerous instruments by analyzing whether the defendant knowingly or purposely used the object in a manner in which it was readily capable of causing death or serious physical injury." *State v. Coram*, 231 S.W.3d 865, 868 (Mo. App. S.D. 2007) (internal quotation omitted). "The key to determining whether an object is a dangerous instrument is whether the object can kill or seriously injure under the circumstances in which it is used." *Id*. (internal quotation omitted).

The object at issue in this case is a four-foot long, taped-up stick, the diameter of a broomstick. Appellant was known by Masoner, the police, and others in the community to regularly carry the taped-up stick around with him so that he could dance with it in public. As he charged at Blackman, Appellant was clenching that stick across his body with both hands, with his fists spaced about a foot and a half apart, and his fists were facing Blackman as he charged. Blackman testified that Appellant did not swing or jab the stick at him and that he simply charged at him "like a football player would to hit another attacker."

In arguing that this evidence established that the way in which Appellant used the stick rendered it a dangerous instrument, the State relies on *State v. Eoff*, 193 S.W.3d 366, 373-74 (Mo. App. S.D. 2006), wherein the defendant used a 1 x 2 x 18 inch piece

5

of wood to bludgeon the victim about the head.  The victim suffered a laceration to her head, resulting in considerable bleeding and requiring five staples to close, and also sustained a defensive injury to her hand that doctors were concerned might have broken it.  *Id*. at 374.  *Eoff* held that, "when used as bludgeon," a 1 x 2 x 18 piece of wood was "readily capable of causing broken bones, severe lacerations, eye injuries, loss of teeth, etc." and was, therefore, a dangerous instrument.  *Id*.  In contrast to *Eoff*, in the case at bar, there is no evidence that Appellant used or attempted to use his stick as a bludgeon.

While certainly a four-foot long stick can be used in a manner where it becomes a dangerous instrument, the record in this case simply does not support a finding that Appellant used or attempted to use his stick in such a manner.  Appellant did not attempt to swing or jab at Blackman with the stick or otherwise target a vital area of his body with it.  No evidence was presented establishing that, as utilized by Appellant, simply holding the stick across his body in front of him as he charged Blackman, the stick was readily capable of causing death or serious physical injury if he struck Blackman in that manner.  *See **Carter v. State***, 933 A.2d 774, 778-79 (Del. 2007) (holding that a lacrosse stick was not a dangerous instrument under the circumstances where it was swung at and struck the victim's hand with the plastic, netted end because there was no evidence that the way the lacrosse stick was used or was intended to be used rendered it readily capable of causing death or serious physical injury).  Accordingly, the record does not contain sufficient evidence to prove the dangerous instrument element of the charge against Appellant, and his conviction on the second-degree assault count must be reversed.

6

"Where a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the [trier of fact] to find each of the elements and the [finder of fact] was required to find those elements to enter the ill-fated conviction on the greater offense." ***State v. Blair***, 443 S.W.3d 677, 684 (Mo. App. W.D. 2014) (quoting ***State v. O'Brien***, 857 S.W.2d 212, 220 (Mo. banc 1993)).  Appellant concedes that, based on the evidence presented and the applicable law, this Court may enter a conviction against him for the lesser-included offense of assault in the third degree, § 565.070.1.[4]  Accordingly, we enter judgment against Appellant on one count of assault in the third degree and remand the cause to the trial court for sentencing on that count.

In his second point on appeal, Appellant challenges the sufficiency of the evidence to support his conviction for armed criminal action related to his assault on Blackman.  Appellant was charged with armed criminal action for committing the felony of assault in the second degree "by, with and through, the knowing use, assistance and aid of a dangerous instrument."  Because, as noted *supra*, the evidence failed to sufficiently establish that Appellant used a dangerous instrument in his assault on Blackman, his conviction for armed criminal action is also not supported by the record and must be reversed.

---

[4] Section 565.070.1 provides, in pertinent part:

> 1. A person commits the crime of assault in the third degree if:
> (1) The person attempts to cause or recklessly causes physical injury to another person;

Section 556.061(20) defines "physical injury" as "physical pain, illness, or any impairment of physical condition."  In order to find Appellant guilty of assault in the third degree the trial court would have to find the Appellant attempted to cause physical injury to James Blackman.  The State's evidence permits a finding that by charging at Blackman as though he was going to tackle him, Appellant was attempting to cause Blackman pain.  That is the only element needed for a conviction of assault in the third degree.

In short, because insufficient evidence was presented to establish that Appellant used a "dangerous instrument" in his assault on Blackman, his convictions for second-degree assault and armed criminal action are reversed. Judgment is entered against Appellant on one count of third-degree assault, and the cause is remanded for sentencing on that count. Appellant's remaining convictions and sentences are affirmed.

_____

Joseph M. Ellis, Judge

All concur.