# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     )
     )
     v.      )
DWAYNE L. PEARSON,      )
     )    No.: 2301003924
     Defendant.      )
     )
     )
     )

Date Submitted: March 26, 2024
Date Decided: June 10, 2024

*Upon Defendant's Motion for Judgment for Acquittal.* **DENIED.**

## <u>OPINION</u>

Cari Chapman, Esquire, Deputy Attorney General, Wilmington, Delaware, 19801, Attorney for the State of Delaware.

David J. Facciolo, Esquire, Minster & Facciolo, LLC, Wilmington, Delaware, 19801, Attorney for Defendant Dwayne L. Pearson.

**SCOTT, J.**

## INTRODUCTION

Before this Court is Defendant Dwayne Pearson's ("Mr. Pearson") Motion for Judgment of Acquittal pursuant to Superior Court Criminal Rule 29. Mr. Pearson was indicted by the grand jury on March 27, 2023, and the case proceeded to trial on January 22, 2024. At the conclusion of the trial Mr. Pearson was convicted of Count I: Sexual Abuse of a Child by a Person of Trust Authority or Supervision in the First Degree; Count II: Rape In the Second Degree; Count III: Sexual Abuse of a Child by a Person in a Position of Trust Authority or Supervision in the First Degree; Count IV: Rape In the Fourth Degree; Count V: Sexual Abuse of a Child by a Person in a Position of Trust Authority or Supervision in the Second Degree; Count VI: Unlawful Sexual Contact Second Degree. Mr. Pearson's Motion for Judgment of Acquittal asserts that the language of 11 Del. C. § 778 and 11 Del. C. § 761 is unconstitutionally vague and in the alternative, he does not fit within the class of people listed in the statute. The Court has reviewed Mr. Pearson's Motion and the State's Response. For the following reasons, Mr. Pearson's Motion is **DENIED.**

## BACKGROUND

On or about August 24, 2022, Mr. Pearson engaged in sexual intercourse with M.M., a child who was under the age of sixteen. Mr. Pearson was the Deputy Fire Chief of Belvedere Fire Department and M.M. was a trainee of the Mill Creek Fire Department. On March 27, 2023, a grand jury indicted Mr. Pearson. The trial

occurred on January 22, 2024. At the conclusion of the States case, Mr. Pearson moved for judgment of acquittal as to the sufficiency of the evidence pursuant to Superior Court Criminal Rule 29. In Mr. Pearson's Motion, he challenged the language of 11 Del. C. § 761 and contends that "a person in a position of trust, authority or supervision over a child" is unconstitutionally vague as drafted. The jury found Mr. Pearson guilty on all counts. After the Jury returned the verdict in favor of the State, the Court requested Mr. Pearson submit arguments made under Superior Court Criminal Rule 29 in writing. Mr. Pearson submitted his Motion for Judgment of Acquittal on February 12, 2024.

## PARTIES CONTENTIONS

*Mr. Pearson Contends:*

Mr. Pearson contends the case should have not gone to the jury under 11 Del. C. § 778 and 11 Del. C. § 761 because the statute defines a "person in a position of trust, supervision, or authority" by categories and therefore, is unconstitutionally vague both in its language and application that provides Mr. Pearson with no notice of crimes beyond the enumerated sections of the statute. Mr. Pearson further argues the State's evidence was insufficient to go to the jury to prove that he was "a person in a position of trust, supervision, or authority," even when the facts are viewed in the light most favorable to the State.

3

*The State Contends:*

In response, the State contends the Mr. Pearson's argument misconstrues the statute because the statute is neither vague factually nor as applied. The State asserts that 11 Del. C. § 778 provides a definition of "person in a position of trust, authority, and supervision," set forth in 11 Del. C. § 761 that places Mr. Pearson on notice of the conduct prohibited and provided for fair enforcement of that law. The State further contends that facts on the record indicate that Mr. Pearson held himself out to M.M. and the public as a person in a position of trust over M.M. Therefore, the State contends there was substantial evidence offered at trial to establish Mr. Pearson was a person in a position of trust under 11 Del. C. § 778 and 11 Del. C. § 761.

## STANDARD OF REVIEW

The Court will grant a motion for Judgment of Acquittal, brought pursuant to Delaware Superior Court Criminal Rule 29, where there is insufficient evidence to sustain a verdict of guilt.[1] Evidence is sufficient when a rational trier of fact could "have found the essential elements of the crime beyond a reasonable doubt."[2] The "evidence, together with all legitimate inferences therefrom, must be considered

---

[1] Super. Ct. Crim. R. 29(a).
[2] *Conyers v. State*, 396 A.2d 157, 160 (Del. 1978) (quoting *State v. Biter*, 119 A.2d 894, 898 (Del. Super. 1955)).

from the point of view most favorable to the State."[3] The Court "does not distinguish between direct and circumstantial evidence of defendant's guilt."[4]

## DISCUSSION

In the present case, Mr. Pearson contests the following charges: Sexual Abuse of a Child by a Person of Trust Authority or Supervision in First Degree (Count I), Sexual Abuse of a Child by a Person in a Position of Trust Authority or Supervision in the First Degree (Count II), Sexual Abuse of a Child by a Person in a Position of Trust Authority or Supervision in the Second Degree (Count III). 11 Del. C. § 778 prohibits "sexual abuse of a child by a person in a position of trust, authority or supervision." Mr. Pearson asserts 11 Del. C. § 761(e) nonexclusive list of "person(s) in a position of trust," is unconstitutionally vague because it does not place the suspect on notice of the prohibited activity.

A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that the contemplated behavior is forbidden or if it encourages arbitrary or erratic enforcement.[5] When the vagueness challenge does not involve activities protected under the First Amendment, the Statute must be examined "'in

---

[3] *Carter v. State*, 933 A.2d 774, 777 (Del. 2007) (citing *Poon v. State*, 880 A.2d 236, 238 (Del. 2005)).
[4] *Conyers*, 396 A.2d at 160 (quoting *Biter*, 119 A.2d at 898).
[5] *State v. Flowers*, 276 A.3d 106 (Super. Ct. 2022); *Hoover v. State*, 958 A.2d 816, 820 (Del. 2009); *State v. Barker*, 720 A.2d 1139, 1147 (Del. 1998).

the light of the facts of the case at hand.'"[6] The Court will employ a two-step analysis to determine if a statute is unconstitutionally vague.[7] First, the Court must determine "whether the terms of the statute are sufficiently explicit to provide notice of the prohibited conduct."[8] Second, the Court must consider "whether the terms of the statute are so vague that persons of common intelligence must guess at the statute's meaning and would differ as to its application."[9]

## A. The Conduct Prescribed in 11 Del. C. § 778 and 11 Del. C. § 761 is Sufficiently Explicit to Provide Notice of the Prohibited Conduct.

Mr. Pearson's conduct is proscribed by the statute and provides notice of the prohibited activity.[10] If the activity is clearly proscribed by the statute and provides notice of the prohibited conduct, then he cannot challenge it for vagueness as it is applied to others.[11] First, Mr. Pearson claims 11 Del. C. § 778 and 11 Del. C. § 761 does not provide notice of the prohibited activity because 11 Del. C. § 761 includes the qualifying phrase "includes, but is not limited to" followed by non-specified or enumerated categories that fails to provide notice of the prohibited activity. Mr.

---

[6] *Village of Hoffman Estates v. flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-5 (1982) (quoting *U.S. v. Maxurie*, 419 U.S. 544, 550 (1997)).
[7] *Flowers*, 276 A.3d 106 at *3.
[8] *Id.* at*3.
[9] *Id.* at *3.
[10] *State v. Wien*, 2004 WL 2830892, at *1 (Del. Super. Ct.); *Village of Hoffman Estates*, 455 U.S. at 495; *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971).
[11] *Village of Hoffman Estates,* 455 U.S. at 495.

Pearson further asserts the enumerated categories require the jury to "create from the facts a definition of a person in trust, authority, or supervision which was not [provided] in the statue as notice to the Defendant." The Court disagrees.

As proscribed by 11 Del. C. § 778 and defined under 11 Del. C. § 761(7), a person is "[i]n a position of trust,[12] … 'because of that person's profession, employment, vocation, avocation, or volunteer service [and] has regular direct contact with the child or children and in the course there of assumes responsibility, whether temporarily or permanently, for the care of supervision of a child or children.'"[13] The witnesses' testimony at trial confirms the jury's verdict that Mr. Pearson was a person in a position of trust. The following facts were educed from the testimony and evidence at trial that support Mr. Pearson was "in a position of trust … because of [his] employment/volunteer [and had] regular direct contact with the child… in the course of [his] assumed responsibility, whether temporarily or permanently."[14] (1) Mr. Pearson was a Deputy Fire Chief of the Belvedere Fire Company when he met M.M. at a joint training with Mill Creek Fire Company, where M.M. volunteered as a junior fire fighter[15]; (2) M.M. admired Mr. Pearson and had aspirations for him to become her mentor or help her with her career in

---

[12] 11 Del. C. § 761.
[13] 11 Del. C. § 761(7) (emphasis added).
[14] *Id.*
[15] Trial Tr. vol. 31, 152-153.

7

firefighting[16]; (3) M.M. met Mr. Pearson a second time in his official capacity as Deputy Fire Chief when he volunteered at Mill Creek Fire Company where M.M. was stationed[17]; (4) while acting in his official Capacity as Deputy Fire Chief, Mr. Pearson engaged in inappropriate communications with the M.M. while she was a volunteer[18]; (5) Mr. Pearson and M.M. exchanged social media profile information while he worked in his capacity at Belvedere Fire Company[19]; (6) Mr. Pearson engaged in ongoing communications with M.M. through Snapchat[20]; (7) Mr. Pearson's continued communications with M.M. through Snapchat resulted in Mr. Pearson meeting M.M. in a Dunkin Donuts parking lot next to Mill Creek Fire Company when she was actively volunteering[21]; (8) M.M. testified and surveillance footage confirms that she went for a ride in Mr. Pearson's Belvedere fire company vehicle when she was actively volunteering with Mill Creek Fire Company[22]; (9) M.M. testified Mr. Pearson met her a second time, as M.M. was actively volunteering, and drove M.M. to a nearby secluded parking lot on Mill Creek Fire Company property.[23]

---

[16] Trial Tr. vol. 31, 169.
[17] Trial Tr. vol. 31, 164.
[18] Trial Tr. vol. 31, 168.
[19] Trial Tr. vol. 31, 171.
[20] Trial Tr. vol. 31, 222-223.
[21] Trial Tr. vol. 31, 222-223.
[22] Trial Tr. vol. 31, 229-232.
[23] Trial Tr. vol. 31, 260-261.

The facts on the record support that Mr. Pearson met with M.M. while actively working in the capacity as a Deputy Chief of Belvedere Fire Company and holding himself out to the public and M.M. that he maintained a degree of responsibility over M.M. in his official capacity as Deputy Chief of Belvedere Fire Company. The facts on the record indicate that Mr. Pearson, while working in his capacity as a Deputy Chief of the Belvedere Fire Company, is included in the nonexclusive list enumerated in 11 Del. C. § 761(e)(7) as a "person in a position of trust … because of [his] profession, employment… or volunteer service [and had] regular direct contact with the child… in the course of [his] assumed responsibility, whether temporarily or permanently."[24] Thus, the challenged list in 11 Del. C. § 761(e) is inclusive of the behavior that defines a "person in a position of trust."

**B. The Plain Language of 11 Del. C. § 778 And 11 Del. C. § 761(E) is Clear that A Person of Ordinary Intelligence is Aware of The Statute's Meaning and Its Application.**

Mr. Pearson asserts both 11 Del. C. § 778 and 11 Del. C. § 761 are unconstitutionally vague because 11 Del. C. § 761(e) creates a nonexclusive list that broadens the scope of activities covered by 11 Del. C. § 778 and makes it unclear to the suspected class exactly what activities are prohibited. The Courts inquiry of 11

---

[24] *Id.*

Del. C. § 778 and 11 Del. C. § 761(E)'s constitutionality ends after the determination that the statute at issue provided notice to the suspected class of what activities are prohibited.[25] However, even if 11 Del. C. § 778 and 11 Del. C. § 761(E) did not pass the first test, the statute is sufficiently definite that a person of ordinary intelligence would understand its meaning and application.

The plain language of 11 Del. C. § 761(e)(7)'s nonexclusive list provides an idea of what types of classes were contemplated by the legislature as being a person in a "position of trust, authority, and supervision."[26] Additionally, even if Mr. Pearson was not explicitly included in the list, the statutory construction principal of ejusdem generis designates that a list of examples given can create an assumed prohibition of activity of other similar nature.[27] Further, 11 Del. C. § 778's *mens rea* requirement mitigates the extent the statute may be unconstitutionally vague because "'it does not relieve the statute of the objection that it punishes without warning an

---

[25] *Village of Hoffman Estates,* 455 U.S. at 495.

[26] 11 Del. C. § 761(e)(7) ( specifying "any other person who because of that person… profession, employment, vocation, avocation, or volunteer service has regular direct contact with the child… and in the course there of assumes responsibility, whether temporarily or permanently, for the care of supervision of a child or children.").

[27] 73 Am.Jur.Ed *Statutes* § 135 (2001) (citations omitted); *State v. Wien*, 2004 WL 2830892, at *1 (Del. Super. Ct.) (see generally the principles of statutory construction are not binding but are persuasive because it is common for people of ordinary intelligence to categorize items in a similar manner, "giving meaning to generic terms based upon the contexts of those words").

offense of which the accused was [aware].'"[28] Mr. Pearson was notified by the Chief of Belvedere that M.M. was under the age of the majority and unable to lawfully consent.[29] 11 Del. C. § 778's penalty provision of the Criminal Statute delineates punishment for the proscribed conduct in 11 Del. C. § 778.[30] Thus, any question of vagueness is abrogated by the plain language of the nonexclusive list in 11 Del C. § 761(e), and the statutes *mens rea* requirement. Therefore, 11 Del. C. § 778 and 11 Del C. § 761(e), when read together, are not unconstitutionally vague. Thus, Mr. Pearson's Motion for Judgment of Acquittal is **DENIED.**

---

[28] *Id.*\*1 (quoting *State v. Sailer*, 684 A.2d 1247, 1249 Del. Super. Ct.1995) (quoting *Colautti v. Franklin*, 439 U.S. 379, 395n. 13 (1979). Accord *Village of Hoffman Estates*, 455 U.S. at 499; *Robinson v. State*, 600 A.2d 356, 365 (1991).

[29] Trial Tr. vol. 32, 133; Trial Tr. vol. 31, 24.

[30] Del. C. § 778 ("Sexual abuse of child by a person in a position of trust, authority or supervision in the first degree as set forth in paragraph (2) of this section is a class B felony; Sexual abuse of child by a person in a position of trust, authority or supervision in the first degree as set forth in paragraph (3) is a class B felony; Sexual abuse of child by a person in a position of trust, authority or supervision in the first degree as set forth in paragraph (4) is a class C felony; Sexual abuse of child by a person in a position of trust, authority or supervision in the first degree as set forth in paragraph (5) is a class D felony.").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal is

**DENIED.**

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
**Judge Calvin L. Scott, Jr.**