SUPERIOR COURT
OF THE

**NOEL EASON PRIMOS**
*JUDGE*

**KENT COUNTY COURTHOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**
**Telephone (302) 735-2131**

February 14, 2025

Erik C. Towne, DAG
Delaware Department of Justice
102 West Water Street
Dover, DE 19904

James M. Stiller, Jr. Esquire
Schwartz & Schwartz
1140 South State Street
Dover, DE 19901

RE: **State of Delaware v. Jason L. St. Jean**
Case IDs: 2206007604 & 2212003202

Dear Counsel:

On November 1, 2024, the State filed a Motion to Correct Illegal Sentence pursuant to Superior Court Criminal Rule 35(a). Per the State, the Court was not authorized, as it did over the State's objection on October 12, 2023, to relieve Mr. St. Jean of his Tier I sex offender registration pursuant to 11 *Del C.* § 4121(d)(6). The state argues that the Court lacks such power because Mr. St. Jean was so registered as the result of a felony guilty plea. Defendant filed a Response to the Motion on November 19, conceding that Mr. St. Jean's registration was the result of a felony guilty plea, but contending that the State's interpretation of the statute and relevant caselaw is erroneous. Upon consideration of the Motion and Response, it appears to the Court that the relevant statute is ambiguous. It further appears that existing case law does not resolve the ambiguity.

11 *Del. C.* § 4121(d)(6) reads in relevant part as follows:

Notwithstanding any provision in this section or in § 4120 of this title to the contrary, any person who would otherwise be designated as a sex offender pursuant to this section and to § 4120 of this title may petition

the sentencing court for relief from such designation, and from all obligations imposed by this section and § 4120 of this title if:

a.      The Tier II or Tier III offense for which the person was convicted was a misdemeanor and the victim was not a child under 13 years of age; and

b.      The person has not previously been convicted of a violent felony, or any other offense set forth in paragraph (a)(4) of this section, or of any offense set forth in paragraph (a)(4) of this section, or of any offense specified in the laws of another state, the United States or any territory of the United States, or any offense in a foreign jurisdiction which is the same as, or equivalent to, such offenses; and

c.      The sentencing court determines by a preponderance of the evidence that such person is not likely to pose a threat to public safety if released from the obligations imposed by this section, and by § 4120 of this title.

As counsel are well aware, the key statutory language for this Motion is "[t]he Tier II or Tier III offense for which the person was convicted was a misdemeanor[.]"[1] This language, taken in isolation, is subject to at least two interpretations. First, it may be that *only* persons designated as Tier II or Tier III sex offenders as the result of misdemeanor convictions may be relieved from designation. Under this interpretation, no person *either* designated as a Tier I offender (whether felony *or* misdemeanor), or as a Tier II or Tier III *felony* offender, may be relieved from designation. Second, it may be that persons designated as Tier I offenders (whether felony *or* misdemeanor) may be relieved, but that Tier II and Tier III felony offenders designated are barred from relief.

The Delaware Supreme Court has considered this statutory provision only twice.[2] Both were table decisions decided on the same day. Neither case clearly

---

[1] 11 *Del C.* § 4121(d)(6)(a).

[2] Although the Supreme Court has issued one other opinion interpreting § 4121(d)(6), that case did not directly address the language at issue here. *See Fox v. State*, 11 A.3d 226, 2010 WL 5342956 (Del. Dec. 20, 2010) (affirming *State v. J.F.*, 2009 WL 5206804 (Del. Fam. Dec. 3, 2009)).

resolves the issue before the Court, i.e., whether the Court may relieve from registration a person designated as a Tier I sex offender as the result of a felony conviction.

In *Grant v. State*,[3] the Supreme Court appeared to announce a general rule that "a felony-level offender is not eligible for relief from registration . . . because the language of the statute clearly states that only misdemeanor-level offenders are eligible for relief."[4] Thus, the appellant in that case, "a felony-level offender, [was] not eligible for relief from registration."[5]

While *Grant* could be taken to definitively resolve the question before the Court, two facts caution against such an application of that decision. First, *Grant* involved a Tier-II felony offender,[6] and the applicability of the statute to Tier-I felons was not before the *Grant* Court. Second, and more significantly, the Supreme Court decision that *Grant* cites for its seemingly-categorical pronouncement does not stand for the proposition that is the most natural reading of *Grant*'s language. Particularly in light of those considerations, Grant's reference to "felony-level offenders" could easily be taken as an imprecise formulation, intended to mean "felony-level offenders subject to Tier-II registration," such as the appellant in that case. Thus, *Grant*, which is a very brief decision, is itself ambiguous.

The decision *Grant* cites, *Adams v. State*, also involved a Tier-II registration that resulted from a felony.[7] Also like *Grant*, the *Adams* decision did not engage in any statutory construction.[8] Instead, the Court merely held that "the final judgment of the Family Court . . . [was] affirmed on the basis of and for the reasons assigned

---

[3] 11 A.3d 226, 2010 WL 5232959 (Del. Dec. 20, 2010) (TABLE).
[4] *Id.* at *1 (citing *Adams v. State*, 11 A.3d 226, 2010 WL 5342957 (Del. Dec. 20, 2010) (TABLE)).
[5] *Id.*
[6] *Id.*
[7] 2010 WL 5342957, at *1.
[8] *Id.* at *2.

by the Family Court in its decision dated February 4, 2010."[9] The Family Court decision, in turn, was much more narrowly reasoned than *Grant*'s "felony-level offender" language implies. The Family Court concluded that the statute was ambiguous, but that such ambiguity did not extend to Tier-II felons, who were clearly not permitted to seek relief.[10] Most relevant here, the Family Court noted that:

> While it is not clear whether the "Tier II or Tier III qualification" in the statute provides that a person may not seek relief for any Tier I offense or that any person designated to Tier I may seek relief, this issue is not before the Court at this time.[11]

In other words, the Family Court decision, the logic of which the Supreme Court adopted in *Adams*, expressly declined to extend its holding to the very ambiguity facing this Court.

Persuasive authority is also scant. In *State v. O'Dell*, this Court accepted the more expansive reading of *Grant*'s and *Adams*'s holdings (i.e., to prohibit relief for any felony-level sex offenders).[12] Taking this premise as a given, the Court found that § 4121(d)(6) "provides the possibility of relief for offenders convicted of Tier I misdemeanor offenses," notwithstanding the fact that the statute refers only to Tier-II and Tier-III misdemeanants.[13] Ultimately, the Court decided to view "the inclusion of the phrase 'Tier II or Tier III' in subparagraph 'a' as a drafting error."[14]

While *O'Dell* bears on this case insofar as its reasoning assumes that all sex offender felons are barred from relief, it also gives the Court pause. Accepting *O'Dell*'s reasoning would mean treating the reference to "Tier II or Tier III" in subparagraph "a" as surplusage, even though it was added by an affirmative act of

---

[9] *Id.*
[10] *See State v. E.A.*, 2010 WL 5692095, at *3–4 (Del. Fam. Feb. 4, 2010).
[11] *Id.* at *4.
[12] 2017 WL 923461, at *6 (Del. Super. Mar. 1, 2017).
[13] *Id.* at *7.
[14] *Id.* at *8.

the General Assembly.[15]  The Court is hesitant to do so.[16]  On the other hand, limiting relief only to Tier II and Tier III offenders and denying it to all Tier I offenders, who are presumably less dangerous to the community, would appear to be an absurd result.[17]

The Court's only holding at this juncture is that the statute is ambiguous.  A statute is ambiguous when susceptible to multiple reasonable interpretations,[18] or when "a literal interpretation of its words would lead to 'a result so unreasonable or absurd that it could not have been intended by the legislature.'"[19]  This latter source of ambiguity is a logical extension of the maxim that the "fundamental rule [of statutory construction] is to ascertain and give effect to the intent of the legislature."[20]  When resolving statutory ambiguity, the Court may consider legislative history to ascertain legislative intent.[21]

None of the foregoing is intended to signal that the Court is predisposed to one reading of the statute or another.  Similarly, the Court does not foreclose the possibility that it will ultimately resolve the statute's ambiguity by reliance on other interpretive methods, such as semantic or syntactic canons.  The purpose of this letter

---

[15] *See* 76 *Del Laws*, ch. 25 § 49 (2007).

[16] *See Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del. 2011) ("We also ascribe a purpose to the General Assembly's use of statutory language, construing against surplusage, if reasonably possible." (citing *Dewey Beach Enters., Inc. v. Bd. of Adjustment of Town of Dewey Beach*, 1 A.3d 305, 307 (Del. 2010))).

[17] *See Hoover v. State*, 958 A.2d 816, 821 (Del. 2008) ("This Court has 'a duty to read statutory language so as to avoid . . . patent absurdity[.]'" (quoting *State v. Sailer*, 684 A.2d 1247, 1250 (Del. Super. 1995))).

[18] *O'Dell*, 2017 WL 923461, at *7 (quoting *Bon Ayre Land, LLC v. Bon Ayre Community Ass'n (Bon Ayre II)*, 149 A.3d 227, 233 n.21 (De. 2016)); *see also State v. Young*, 314 A.3d 688, 691 (Del. Super. 2024).

[19] *Young*, 314 A.3d at 694 (quoting *Snyder v. Andrews*, 708 A.2d 237, 241 (Del. 1998)).

[20] *Id.* at 696 (quoting *State v. Ford*, 1996 WL 190783, at *2 (Del. Super. Mar. 26, 1996)) (alteration in original).

[21] *Id.* (citing *Rubick v. Sec. Instrument Corp.*, 766 A.2d 15, 18 (Del. 2000)).

is merely to note the need for supplemental briefing and to give some guidance as to the issues the Court hopes to clarify through such briefing.

The Court therefore requires simultaneous supplemental briefing submissions from the parties, on or before March 14, 2025, on the issues discussed *supra*. In particular, the Court is interested in any relevant legislative history that may illuminate the General Assembly's intent in adopting the relevant language via the 2007 amendment to the Delaware Code.[22] Potentially relevant resources include committee reports, subsequently proposed amendments to the statute (even if rejected), and hearings and debates on the 2007 amendment. Your submissions, exclusive of any exhibits or appendices, should not exceed six pages, double-spaced. The Court does not intend to take any further action on the instant Motion prior to completion of the supplemental briefing called for by this letter order.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc:     Prothonotary

---

[22] *See* 76 *Del Laws*, ch. 25 (2007).